I dissent from that part of the main opinion holding that the trial court's jury instruction on spoliation of evidence was not error. See Part D.1. of the main opinion. I also dissent from the judgment, because I believe giving the instruction was reversible error that entitles the defendants, Liberty National Insurance Company ("Liberty National") and its agent, Mahone, to a new trial. Because I dissent from the judgment, I express no opinion on the merits of the other issues discussed in the main opinion.
I disagree with the main opinion's conclusion that the evidence was sufficient to support the trial court's giving a spoliation-of-evidence instruction to the jury. "It long has been the rule that for the spoliation-of-evidence doctrine to apply, there must be proof of a party's purposeful and wrongful attempted or actual destruction of, tampering with, or suppression of material evidence." Alabama Power Co. v.Murray, 751 So.2d 494, 501 (Ala. 1999) (See, J., dissenting). Moreover, "the spoliation-of-evidence doctrine does not apply where the fact sought to be proved is proved by evidence other than the [altered] evidence."Id., at 502.
The evidence at trial was conflicting as to whether Liberty National's investigator, Harris, had talked by telephone with Mahone and whether Harris had made notes memorializing that conversation. Although I agree in the abstract that the alteration of a claims file by the addition of false notes could constitute spoliation of evidence, I disagree that an instruction on spoliation was proper in this case. The ultimate facts sought to be proved by the plaintiff, Sanders — that Mahone did not explain to her that there was a waiting period and that he did not explain the policy benefits — were proven by other evidence, namely, Sanders's testimony and Mahone's affidavit and testimony. At most, the evidence at trial presents an issue of credibility for the jury to decide, and is insufficient to show that Liberty National purposefully and wrongfully altered material evidence favorable to Sanders *Page 1085 
by adding false notes to the claims file. Thus, I conclude that the trial court erred in charging the jury on spoliation of evidence. Because I believe that the trial court erred in giving the spoliation-of-evidence instruction to the jury, I would reverse the trial court's judgment and remand the case for a new trial. See my dissent in Alabama Power Co. v.Murray, supra. I therefore dissent.